IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **SECURUS TECHNOLOGIES, INC.** | § | |
| | § | |
| and | § | |
| | § | |
| **T-NETIX, INC.** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | **Civil Action No.** _____ |
| | § | |
| **ALLY TELECOM GROUP LLC** | § | |
| | § | |
| and | § | |
| | § | |
| **NETWORK COMMUNICATIONS** | § | |
| **INTERNATIONAL CORPORATION** | § | |
| | § | |
| Defendants. | § | **Jury Trial Requested** |

**PLAINTIFFS' ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs Securus Technologies, Inc. and T-Netix, Inc. file this Original Complaint for Patent Infringement and Demand for Jury Trial against Defendants Ally Telecom Group LLC and Network Communications International Corporation and allege as follows:

**I.
PARTIES**

1. Plaintiff Securus Technologies, Inc. ("Securus") is a Delaware corporation with its principal place of business in Dallas, Dallas County, Texas.

2. Plaintiff T-Netix, Inc. ("T-Netix") is a Delaware corporation with its principal place of business in Dallas, Dallas County, Texas.

3. On information and belief, Defendant Ally Telecom Group LLC ("Ally") is a Louisiana limited liability corporation with its principal place of business at 4415 Shores Drive, Suite 226, Metairie, LA 70006. Defendant Ally may be served with process by serving its registered agent Mitch Kalifeh, at its registered agent address, 4415 Shores Drive, Suite 226, Metairie, Louisiana 70006.

4. Defendant Network Communications International Corporation ("NCIC") is a Texas corporation with its principal place of business at 606 East Magrill Street, Longview, Texas 75601. Defendant NCIC may be served with process by serving its registered agent William Louis Pope, at its registered agent address, 606 East Magrill Street, Longview, Texas 75601.

## II.
## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This Court has original and exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, Defendant Ally regularly transacts business in, and has committed and/or induced and/or contributed to acts of patent infringement within the State of Texas and, upon information and belief, within the Eastern District of Texas. Defendant Ally is, therefore, subject to the personal jurisdiction of this Court.

7. Upon information and belief, Defendant NCIC has an established principal place of business, regularly transacts business in, and has committed and/or induced and/or contributed to acts of patent infringement within the State of Texas and, upon information and belief, within the Eastern District of Texas. Defendant NCIC is, therefore, subject to the personal jurisdiction of this Court.

8.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## III.
## PATENT INFRINGEMENT

9.  United States Patent No. 5,655,013 (the "'013 Patent") entitled "Computer-Based Method and Apparatus for Controlling, Monitoring, recording and Reporting Telephone Access" was duly and legally issued by the United States Patent and Trademark Office on August 5, 1997 after full and fair examination. T-Netix is the assignee of all rights, title, and interest in and to the '013 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '013 Patent. A copy of the '013 Patent is attached as Exhibit "A."

10. United States Patent No. 6,560,323 (the "'323 Patent") entitled "Computer-Based Method and Apparatus for Controlling, Monitoring, recording and Reporting Telephone Access" was duly and legally issued by the United States Patent and Trademark Office on May 6, 2003 after full and fair examination. T-Netix is the assignee of all rights, title, and interest in and to the '323 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '323 Patent. A copy of the '323 Patent is attached as Exhibit "B."

11. United States Patent No. 7,529,357 (the "'357 Patent") entitled "Inmate Management and Call Processing Systems and Methods" was duly and legally issued by the United States Patent and Trademark Office on May 5, 2009 after full and fair examination. Securus is the assignee of all rights, title, and interest in and to the '357 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '357 Patent. A copy of the '357 Patent is attached as Exhibit "C."

12. United States Patent No. 7,899,167 (the "'167 Patent") entitled "Centralized call processing" was duly and legally issued by the United States Patent and Trademark Office on March 1, 2011, after full and fair examination. Securus is the assignee of all rights, title, and

interest in and to the '167 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '167 Patent. A copy of the '167 Patent is attached as Exhibit "D."

13. United States Patent No. 8,340,260 (the "'260 Patent") entitled "Inmate Management and Call Processing Systems and Methods" was duly and legally issued by the United States Patent and Trademark Office on December 25, 2012 after full and fair examination. Securus is the assignee of all rights, title, and interest in and to the '260 Patent, and possesses all rights of recovery, including the right to recover all past damages under the '260 Patent. A copy of the '260 Patent is attached as Exhibit "E."

14. Plaintiffs make, use, sell, and offer to sell to the inmate telecommunications industry specialized call-processing and billing equipment and services for correctional institutions, direct local and long-distance call processing for correctional facilities, value-added telecommunications services such as pre-connection restrictions, digital recording, jail and inmate management systems, video booking, video visitation, investigative services, and other related goods and services, including commissary services.

15. On information and belief, Defendant Ally, acting in active concert with Defendant NCIC, makes or has made, manufactures or has manufactured, uses, sells, and/or offers to sell specialized telephone call-processing and billing equipment and/or services for correctional institutions in competition with Plaintiffs. On information and belief, Defendant Ally, by making, having made, manufacturing, having manufactured, using, selling, or offering to sell in the United States, without authority, products and services, including its inmate telephone system and inmate telephone services, and other inmate correctional facility related services, including, without limitation, telephone call processing, including, but not limited to,

the ICE platform and system, has directly and indirectly infringed (by inducement and contribution) and is continuing to infringe, directly and indirectly, the '013 Patent, the '323 Patent, the '357 Patent, the '167 Patent, and the '260 Patent (the "Asserted Patents") within the United States.

16. On information and belief, Defendant NCIC, acting in active concert with Defendant Ally and others, makes or has made, manufactures or has manufactured, uses, sells, and/or offers to sell specialized telephone call-processing and billing equipment and/or services for correctional institutions in competition with Plaintiff. On information and belief, Defendant NCIC by making, having made, manufacturing, having manufactured, using, selling, or offering to sell in the United States, without authority, products and services, including its inmate telephone system and inmate telephone services, and other inmate correctional facility related services, including, without limitation, telephone call processing, including, but not limited to, the ICE call processing platform and system, has directly and indirectly infringed (by inducement and contribution) and is continuing to infringe, directly and indirectly, the '013 Patent, the '323 Patent, the '357 Patent, the '167 Patent, and the '260 Patent (the "Asserted Patents") within the United States.

## IV.
## CAUSES OF ACTION
### Count One – Infringement of the '013 Patent

17. Plaintiffs re-allege and incorporate by reference paragraphs 1-16 above.

18. Defendant Ally has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '013 Patent by, among other things, making, having made, manufacturing, having manufactured, using, selling, or

offering to sell goods and services, as stated above, that practice the '013 Patent in violation of 35 U.S.C. § 271.

19. Defendant NCIC has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '013 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '013 Patent in violation of 35 U.S.C. § 271.

### Count Two – Infringement of the '323 Patent

20. Plaintiffs re-allege and incorporate by reference paragraphs 1-16 above.

21. Defendant Ally has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '323 Patent by, among other things, making, having made, manufacturing, having manufactured, using, selling, or offering to sell goods and services, as stated above, that practice the '323 Patent in violation of 35 U.S.C. § 271.

22. Defendant NCIC has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '323 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '323 Patent in violation of 35 U.S.C. § 271.

### Count Three – Infringement of the '357 Patent

23. Plaintiffs re-allege and incorporate by reference paragraphs 1-16 above.

24. Defendant Ally has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '357 Patent by, among other things, making, having made, manufacturing, having manufactured, using, selling, or

offering to sell goods and services, as stated above, that practice the '357 Patent in violation of 35 U.S.C. § 271.

25. Defendant NCIC has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '357 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '357 Patent in violation of 35 U.S.C. § 271.

### Count Four – Infringement of the '167 Patent

26. Plaintiffs re-allege and incorporate by reference paragraphs 1-16 above.

27. Defendant Ally has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '167 Patent by, among other things, making, having made, manufacturing, having manufactured, using, selling, or offering to sell goods and services, as stated above, that practice the '167 Patent in violation of 35 U.S.C. § 271.

28. Defendant NCIC has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '167 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '167 Patent in violation of 35 U.S.C. § 271.

### Count Five – Infringement of the '260 Patent

29. Plaintiffs re-allege and incorporate by reference paragraphs 1-16 above.

30. Defendant Ally has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '260 Patent by, among other things, making, having made, manufacturing, having manufactured, using, selling, or

offering to sell goods and services, as stated above, that practice the '260 Patent in violation of 35 U.S.C. § 271.

31. Defendant NCIC has infringed, literally and/or under the doctrine of equivalents, and continues to directly and indirectly infringe one or more claims of the '260 Patent by, among other things, making, manufacturing, using, selling, or offering to sell goods and services, as stated above, that practice the '260 Patent in violation of 35 U.S.C. § 271.

## V.
## REMEDIES

32. As a direct and proximate consequence of the acts and practices of Defendant Ally in infringing and/or inducing or contributing to the infringement of one or more claims of the Asserted Patents, Plaintiffs have been damaged in an amount to be determined at trial and will continue to be damaged in their business and property rights as a result of Defendant Ally's infringing activities, unless such activities are enjoined by this Court. Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages adequate to compensate for the infringement, including, *inter alia*, lost profits and/or a reasonable royalty.

33. By reason of its infringing acts and practices, Defendant Ally is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283. Plaintiffs, therefore, request a permanent injunction prohibiting Defendant Ally, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with it (including, but not limited to, NCIC) from infringement, inducement to infringe, or contributory infringement of the Asserted Patents, including the making, having made, manufacture, having

manufactured, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the claims of the Asserted Patents.

34. To the extent that facts discovered during the pendency of this case show that Defendant Ally's infringement is willful and deliberate, Plaintiffs reserve the right to amend this complaint and request such a finding and seek appropriate relief at time of trial.

35. As a direct and proximate consequence of the acts and practices of Defendant NCIC in infringing and/or inducing or contributing to the infringement of one or more claims of the Asserted Patents, Plaintiffs have been damaged in an amount to be determined at trial and will continue to be damaged in their business and property rights as a result of Defendant NCIC's infringing activities, unless such activities are enjoined by this Court. Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages adequate to compensate for the infringement, including, *inter alia*, lost profits and/or a reasonable royalty.

36. By reason of its infringing acts and practices, Defendant NCIC is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283. Plaintiffs, therefore, request a permanent injunction prohibiting Defendant NCIC, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with it (including, but not limited to, Defendant Ally) from infringement, inducement to infringe, or contributory infringement of the Asserted Patents, including the making, having made, manufacture, having manufactured, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the claims of the Asserted Patents.

37. To the extent that facts discovered during the pendency of this case show that Defendant NCIC's infringement is willful and deliberate, Plaintiffs reserve the right to amend this complaint and request such a finding and seek appropriate relief at time of trial.

## VI.
## COSTS, INTEREST AND ATTORNEY'S FEES

38. If it be determined that this case presents exceptional circumstances within the meaning of 35 U.S.C. § 285, Plaintiffs request the Court award them all reasonable attorney's fees and costs incurred in this litigation and pre-judgment and post-judgment interest pursuant to 35 U.S.C. §§ 284 and 285.

## VII.
## JURY DEMAND

39. Plaintiffs request a jury trial of all issues in this action so triable.

## VIII.
## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests the following relief:

1. A judgment that Defendant Ally has infringed, directly and/or indirectly, the '013 Patent;

2. A judgment that Defendant Ally has infringed, directly and/or indirectly, the '323 Patent;

3. A judgment that Defendant Ally has infringed, directly and/or indirectly, the '357 Patent;

4. A judgment that Defendant Ally has infringed, directly and/or indirectly, the '167 Patent;

5. A judgment that Defendant Ally has infringed, directly and/or indirectly, the '260 Patent;

6. A judgment and order permanently enjoining Defendant Ally and its directors, officers, employees, agents, parents, subsidiaries, affiliates, and all persons in active concert or participation with it (including, but not limited to, Defendant NCIC) from infringement, inducement to infringe, or contributory infringement of the Asserted Patents, including the making, having made, manufacture, having manufactured, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the claims of the Asserted Patents pursuant to 35 U.S.C. § 283;

7. A judgment and order requiring Defendant Ally to pay Plaintiffs damages sufficient to compensate them for the infringement of the Asserted Patents in an amount not less than Plaintiffs' lost profits and/or a reasonable royalty and interest and costs, pursuant to 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment, with an accounting, as needed;

8. A judgment and order awarding enhanced damages, pursuant to 35 U.S.C. § 284, to the extent that Defendant Ally's acts of infringement of the Asserted Patents are determined to be willful;

9. An award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the Asserted Patents by Defendant Ally to the day on which judgment for damages is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

10. An award of all costs and reasonable attorney's fees against Defendant Ally, pursuant to 35 U.S.C. §§ 284 and 285, based on its infringement of the Asserted Patents;

11. A judgment that Defendant NCIC has infringed, directly and/or indirectly, the '013 Patent;

12. A judgment that Defendant NCIC has infringed, directly and/or indirectly, the '323 Patent;

13. A judgment that Defendant NCIC has infringed, directly and/or indirectly, the '357 Patent;

14. A judgment that Defendant NCIC has infringed, directly and/or indirectly, the '167 Patent;

15. A judgment that Defendant NCIC has infringed, directly and/or indirectly, the '260 Patent;

16. A judgment and order permanently enjoining Defendant NCIC and its directors, officers, employees, agents, parents, subsidiaries, affiliates, and all persons in active concert or participation with it (including, but not limited to, Defendant Ally) from infringement, inducement to infringe, or contributory infringement of the Asserted Patents, including the making, manufacture, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the claims of the Asserted Patents pursuant to 35 U.S.C. § 283;

17. A judgment and order requiring Defendant NCIC to pay Plaintiffs damages sufficient to compensate them for the infringement of the

Asserted Patents in an amount not less than Plaintiffs' lost profits and/or a reasonable royalty and interest and costs, pursuant to 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting, as needed;

18. A judgment and order awarding enhanced damages, pursuant to 35 U.S.C. § 284, to the extent that Defendant NCIC's acts of infringement of the Asserted Patents are determined to be willful;

19. An award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the Asserted Patents by Defendant NCIC to the day on which judgment for damages is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

20. An award of all costs and reasonable attorney's fees against Defendant NCIC, pursuant to 35 U.S.C. §§ 284 and 285, based on its infringement of the Asserted Patents;

21. Such other and further relief to which Plaintiffs may be entitled.

DATED: September 25, 2013                    Respectfully submitted,

                                                     By:

                                                     */s/ Andrew W. Spangler*
                                                     Andrew W. Spangler
                                                     Texas State Bar No. 24041960
                                                     spangler@spanglerlawpc.com

                                                   **SPANGLER LAW P.C.**
                                                     208 N. Green St., Suite 300
                                                     Longview, Texas 75601
                                                     Telephone: (903) 753-9300
                                                     Facsimile: (903) 553-0403

                                                   G. Michael Gruber
                                                   Texas State Bar No. 08555400
                                                   mgruber@ghjhlaw.com
                                                   Anthony J. Magee
                                                   Texas State Bar No. 00786081
                                                   amagee@ghjhlaw.com
                                                   Robert E. Weitzel
                                                   Texas State Bar No. 24070823
                                                   rweitzel@ghjhlaw.com

                                                   **GRUBER   HURST   JOHANSEN HAIL SHANK, LLP**
                                                   1445 Ross Ave., Suite 2500
                                                   Dallas, Texas 75202
                                                   Telephone: (214) 855-6800
                                                   Facsimile: (214) 855-6808


                                                 **COUNSEL FOR PLAINTIFFS SECURUS TECHNOLOGIES, INC. & T-NETIX, INC.**